**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0053-17T3

IN THE MATTER OF THE
APPLICATION OF D.B. FOR
A FIREARMS PURCHASER
IDENTIFICATION CARD
AND PERMIT TO PURCHASE
A HANDGUN.

_____

Submitted December 10, 2018 – Decided December 19, 2018

Before Judges Haas and Sumners.

On appeal from Superior Court of New Jersey, Law Division, Passaic County, Municipal Appeal No. 17-042.

Evan F. Nappen, attorney for appellant D.B. (Louis P. Nappen, on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent State of New Jersey (Christopher W. Hsieh, Chief Assistant Prosecutor, on the brief).

PER CURIAM

Appellant D.B. appeals from an August 4, 2017 Law Division order upholding a municipal police department's denial of his application for a New

Jersey Firearms Purchaser Identification Card (FPIC) and a handgun purchase permit. We affirm.

Appellant filed his application on February 24, 2017. During the routine records check that followed, Lieutenant Ricciardi on behalf of the chief of police, learned that appellant had two disorderly persons convictions in 1987 and 1989 in New York. In January 1998, appellant was convicted of driving while intoxicated (DWI). He was again convicted for DWI in November 2006. Just six months later, in May 2007, appellant was convicted of operating a motor vehicle while suspended. In January 2008, he was again convicted of driving while his license was suspended.[1]

Based upon his criminal history record, Lieutenant Ricciardi denied appellant's application by letter dated April 10, 2017. The lieutenant gave appellant his telephone number and advised him that he could call if he "need[ed] to discuss this matter further." Appellant did not contact Lieutenant Ricciardi, but did file an appeal to the Law Division. Following a de novo hearing at which appellant and a different lieutenant testified, the judge found that in light of appellant's criminal history, giving appellant a FPIC and a

---

[1] In addition, appellant's then-wife obtained three temporary restraining orders against him during the period between May 2001 and July 2006, with each one being subsequently dismissed.

A-0053-17T3

handgun permit "would not be in the interest of the public health, safety or welfare" under N.J.S.A. 2C:58-3(c)(5).  This appeal followed.

On appeal, appellant raises the following contentions:

POINT 1

THE COURT BELOW ERRED BECAUSE ISSUANCE OF FIREARM PURCHASE PERMITS ARE BASED ON PRESENT CONDITION, AND APPELLANT HAS NO PRESENT DISQUALIFYING CONDITION.

POINT 2

THE COURT BELOW ERRED BY BASING ITS DENIAL SOLELY UPON HEARSAY AND SPECULATION CONTRARY TO DUBOV, WESTON AND ONE MARLIN RIFLE.

POINT 3

APPELLANT WAS DENIED DUE PROCESS IN OFFENSE TO N.J.S.A. 2C:58-3(f) AND IN RE FIREARMS PURCHASER ID BY Z.K. (Not raised below).

POINT 4

THE WEST MILFORD POLICE CHIEF ERRED BY FAILING TO CONFERENCE WITH APPELLANT PRIOR TO DENYING HIM, BY NEVER (APPARENTLY) MAKING A DECISION REGARDING THE APPLICATION, AND BY FAILING TO APPEAR AT COURT AT THE HEARING BELOW OR OTHERWISE PROFFERING GOOD CAUSE FOR DELEGATING ANOTHER'S

3

APPEARANCE IN HIS ABSENCE. (Not raised below).

POINT 5

APPELLANT SHOULD NOT BE DENIED HIS FUNDAMENTAL, INDIVIDUAL, CONSTITUTIONAL RIGHT TO KEEP ARMS FOR A REASON THAT DOES NOT RISE ABOVE RATIONAL BASIS, IS VAGUE AND/OR OVERBROAD, CONSTITUTES AN UNCONSTITUTIONAL BALANCING-TEST, AND DOES NOT PROVIDE A DUE PROCESS FORM OF REDRESS. (Not raised below).

a. The Court below erred by not basing its finding upon a longstanding prohibition on the possession of firearms, and by applying mere rational basis review to deny appellant his individual, fundamental right. (Not raised below).

b. "In the interest of public health, safety or welfare" is unconstitutionally vague or overbroad. (Not raised below).

c. "In the interest of public health, safety or welfare" provides unconstitutional Due Process notice and provides no Due Process form of redress. (Not raised below).

d. "In the interest of public health, safety or welfare" does not pass heightened scrutiny generally and as applied below as it constitutes a mere unconstitutional interest-balancing test. (Not raised below).

A-0053-17T3

We conclude that appellant's contentions are without sufficient merit to warrant extended discussion in a written opinion.  R. 2:11-3(e)(1)(E).  We add the following comments.

We are bound to accept the trial court's fact findings if they are supported by substantial credible evidence, In re Return of Weapons to J.W.D., 149 N.J. 108, 116-17 (1997), but we exercise de novo review over the trial court's legal determinations, Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).  Here, the judge's findings were based upon appellant's undisputed criminal history as revealed by the standard background check. Based upon that history, which includes two DWI offenses, two driving while suspended offenses, and two disorderly persons offenses, we discern no basis for disturbing the judge's conclusion that the issuance of a FPIC and handgun permit would be contrary to the public interest.

Contrary to appellant's contentions, the judge's findings were not based "solely upon hearsay and speculation" because everything the judge relied upon was based upon appellant's criminal history.  We also find no merit in appellant's contention that he was denied due process because the police chief did not meet with him before denying his application.  As the Supreme Court held in Weston v. State, 60 N.J. 36, 43-44 (1972), a denied applicant should have an opportunity

5

to discuss the reasons for denial with the chief of police "and to offer any pertinent explanation or information for the purpose of meeting the objections being raised." Here, Lieutenant Ricciardi specifically advised appellant that he could call if he wanted to discuss the application further. Moreover, under Weston, the trial court's de novo hearing "compensates constitutionally for procedural deficiencies before the administrative official." Id. at 45-46.

Finally, appellant's constitutional arguments were not raised to the Law Division judge. We therefore decline to consider them. State v. Robinson, 200 N.J. 1, 20 (2009). Even considered, we find them meritless, noting our prior discussion in In re Winston, 438 N.J. Super. 1, 10 (App. Div. 2014). See also In re Forfeiture of Pers. Weapons & Firearms Identification Card Belonging to F.M., 225 N.J. 487, 506-08 (2016) (explaining the limitations on the right to possess firearms).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0053-17T3